BREAUX, C. J.
This is an application on the part of plaintiff to compel defendant to prove by what authority she holds the minor, Claudia Johnston, in her charge.
The case was before us sometime ago. The decision remanding it is reported in 114 La. 594, 38 South. 464.
The evidence heard on the merits after the case had been remanded shows that plaintiff, in placing the child with defendant, understood that it would afford her a temporary home, while defendant on the other hand believed that the child was to remain permanently; and the defendant president, as a witness, states that the young girl would not have been received had it been thought for an instant that she was to remain temporarily.
The young person, Claudia Johnston, was a child when she was at Beauvoir, Miss.
From this place of refuge for indigent orphans, she was brought to New Orleans. The asylum at which she was placed after she had been brought back to New Orleans was a little crowded with children. The superintendent of the plaintiff society received her at his home, where she was taken care of for a number of months as one of his children. He and his kind-hearted wife taught her at night; but being tired after the day’s occupation, and on that account not feeling equal to the task of teaching the child, he called on the representatives of the defendant home to take the child, to which they consented.
*428 The correspondence which was held, and the different interviews, show that there was a misunderstanding as to whether the child was to remain permanently or not.
One testified that all that was said was with a view of finding a temporary home; and the other with equal earnestness testified that the child was to remain permanently.
We do not think that it is necessary to decide who was right or who was wrong in this respect.
As relates to the personnel of the plaintiff institution, or to the institution itself, or as relates to the personnel of the defendant home, or to the home itself, we feel certain that, whether the little girl be placed in the charge of the former or of the latter, in the hands of either she will be well taken care of.
Plaintiff’s contention is that it had been intrusted with the control and custody of the little girl by a judgment of the district court of Claiborne parish, and that the responsibili' ty in that respect -remains with it until the further order of that court; while the defendant’s contention is that they received the child over two years ago, took care of her, that they have sent her to school, that she is averse to leaving, and anxious to remain, and that she should be permitted to remain in accordance with her wishes.
The worthy purpose for which the plaintiff society is organized is to take poor, indigent, and abandoned children and find a home for them.
Having placed the child with the defendant where she continues contented, we are of opinion that she should remain unless there is a very good reason to take her away from where she is.
We have not found any good reason. Her wishes should be considered. She wishes to remain. We do not think that this should be denied to her as she is old enough to exercise, we assume, some little judgment in a matter of such great importance to her.
If she were taken away and placed in another home she would be in the care of others, who, perhaps, would not be as fortunate in taking care of the young girl as the defendant has been.
Plaintiff was not appointed tutor or guardian of the young girl. It was authorized by the court of Claiborne parish to do an act for her protection. Through its worthy agent, the plaintiff, the court of Claiborne has-succeeded in placing the child in a good home. There is no law which requires that she should be taken from the home where she-now is and placed in another. The order only went to the extent necessary to place her in a home.
If the young girl had remained in Claiborne parish within the court’s jurisdiction, it would have been for that court in case of complaint to see to her protection. Now that she is in another jurisdiction, the authority is conferred upon the court of the present jurisdiction, which has found no law under which it would feel justified in making the requested change.
For these reasons the judgment is hereby affirmed.
PROVOSTY, J., dissents.